UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEONDRE K. HILL, | Case No. 4:17 CR 275-9 |
| | 4:19 CV 2801 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| vs. | |
| | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA | |
| Respondent. | |

This matter comes before the Court upon Deondre K. Hill's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #348). The petition raises one ground for relief: that the court erred by not ordering Petitioner's federal sentence to run concurrently with his undischarged state sentence. The government filed a Response in Opposition and Petitioner filed a Reply. (ECF #353, 354). This matter is now fully briefed and ready for disposition.

I.

On November 25, 2015, Petitioner was indicted by the Mahoning County Grand Jury for possession of cocaine and heroin. He was sentenced to 24 months in prison and was released on May 4, 2018. On July 19, 2017, Petitioner was indicted by a federal grand jury in the Northern District of Ohio for conspiracy to distribute heroin, cocaine, and crack cocaine, knowingly and intentionally using a telephone to facilitate drug trafficking, and knowingly and intentionally distributing heroin and cocaine base. On September 17, 2018, Petitioner plead guilty to conspiracy to distribute heroin,

cocaine, and crack cocaine. The government dismissed the remaining charges. On December 20, 2018, Petitioner was sentenced to 63 months in prison followed by four years of supervised release which is below the 10-year statutory maximum for the offense. *See* 18 U.S.C. § 924(a)(2). Petitioner did not object to or appeal this sentence. Petitioner now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis that the District Court erred in failing to order his federal sentence to run concurrently with his undischarged state sentence as permitted under U.S.S.G. § 5G1.3.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

Petitioner raises one claim in his Motion, alleging that the District Court should have ordered his federal sentence to run concurrently with his undischarged state sentence pursuant to U.S.S.G. § 5G1.3. U.S.S.G. § 5G1.3 provides that a federal sentence shall run concurrently to an undischarged term of imprisonment "[i]f the instant offense was committed . . . after sentencing for, but before commencing service of, [another] term of imprisonment." U.S.S.G. § 5G1.3. Petitioner could have raised his claim before the trial court or by appeal but failed to do so. "Once the defendant's chance to appeal has been waived or exhausted. . . we are entitled to presume that he stands fully and fairly convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except when errors amount to something akin to denial of due process. *Diana Lynn Grant v. United States*, 72 F.3d 503 (1996). Because Petitioner could have raised this issue on direct appeal but failed to do so, and the alleged error does not rise to the level of a denial of due process, Petitioner is not entitled to relief under § 2255. Petitioner is not entitled to an evidentiary hearing because the records establish that he is not entitled to any relief. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## IV.

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #348) is DENIED. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATE: February 26, 2020